STATE of Wisconsin, Plaintiff-Respondent,

v.

John D. WILLIAMS, Defendant-Appellant.†

Court of Appeals

*No. 89-1752-CR. Submitted on briefs March 6, 1990.—Decided April 10, 1990.*

(Also reported in 456 N.W.2d 864.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert Crawford* of *Crawford Law Firm* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J.   John D. Williams was convicted of making a false statement in three applications for a certificate of title, in violation of sec. 342.06(2), Stats., in connection with his sale of three used cars.[1] The statements

---

[1]Section 342.06(1) and (2), Stats., provides:

**Application for certificate of title.** (1) An application for a certificate of title shall be made to the department upon a form prescribed by it and shall be accompanied by the required fee. Each application for certificate of title shall contain the following information:

(a)   The name and address of the owner.

(b)   A description of the vehicle, including make, model, identification number and any other information which the department may reasonably require for proper identification of the vehicle.

(c)   The date of purchase by the applicant, the name and

that the jury found to be false were contained in a section of each application that was headed "**Wisconsin Dealer's Statement of Sale and Warranty to Owner(s) named in Section B** [of the application]," and which requested the dealer's name, the dealer's num-

address of the person from whom the vehicle was acquired and the names and addresses of any secured parties in the order of their priority.

(d)   If the vehicle is a new vehicle being registered for the first time, the signature of a dealer authorized to sell that new vehicle, the total of the number of tires normally used on the vehicle during its operation on the highways plus the number of any spare tires with which the vehicle is normally equipped and the manufacturer's document of origin. The document of origin shall contain the information specified by the department.

(e)   Any further evidence of ownership which may reasonably be required by the department to enable it to determine whether the owner is entitled to a certificate of title and the existence and nonexistence of security interests in the vehicle.

(f)   If the identification number of the vehicle has been removed, obliterated or altered, or if the original casting has been replaced, or if the vehicle has not been numbered by the manufacturer, the application for certificate of title shall so state.

(g)   If the vehicle is a used motor vehicle which was last previously registered in another jurisdiction, the applicant shall furnish any certificate of ownership issued by the other jurisdiction and a statement pertaining to the title history and ownership of such motor vehicle, such statement to be in the form the department prescribes, and shall furnish a certification by a law enforcement officer or by an employe designated by the department to the effect that the physical description of the motor vehicle has been checked and conforms to the description given in the application.

(h)   If the applicant for certificate of title for a motor vehicle intends to utilize that vehicle as a taxicab or for public transportation, he shall state that fact in the application. If he knows that the vehicle has previously been used as a taxicab or for public transportation and that fact is not noted on the old certificate of title, he shall state in the application that the vehicle has previously been so used.

(2)   Any person who knowingly makes a false statement in an application for a certificate of title may be fined not more than $5,000 or imprisoned not more than 5 years or both.

ber, and dealer's address and telephone number, as well as the dealer's signature together with a date.

Williams raises two issues on appeal. First, he argues that the trial court erred in not instructing the jury that a person cannot be convicted of violating sec. 342.06(2), Stats., unless he or she personally submitted the application to the Department of Transportation. Second, he contends that sec. 342.06 does not authorize the Department of Transportation to request the information sought by the Dealer's Statement of Sale portion of the application form, and that the trial court's contrary construction renders the statute unconstitutionally vague. We affirm.[2]

I.

Williams' first argument is that there was no evidence that he submitted the applications to the Department of Transportation, either personally or as party to a crime, *see* sec. 939.05, Stats. Section 342.06, Stats., however, does not require that the person who makes the false statement be the one who submits the application to the Department of Transportation, either personally or in concert with others. Rather, sec. 342.06(2) imposes criminal liability on "[a]ny person who knowingly makes a false statement *in an application* for a certificate of title." (Emphasis added.) The "application" is the form specified by the Department for use by persons seeking certificates of title. The statute is clear, and does not require that the false statement be made by the applicant. We reject Williams' groping search for ambiguity. *See State v. Bruckner,* 151 Wis. 2d 833, 844–845, 447

---

[2]Although represented by counsel, Williams has also submitted a brief *pro se,* which we have considered.

N.W.2d 376, 381 (Ct. App. 1989). The trial court correctly declined to instruct the jury that it could not find Williams guilty unless it determined that he had submitted to the Department the applications in which he made the false statements.

## II.

Williams also argues that sec. 342.06, Stats., does not authorize the Department of Transportation to request the information sought by the Dealer's Statement of Sale portion of the application form, and that the trial court's contrary construction renders the statute unconstitutionally vague. We disagree.

Section 342.06(1), Stats., provides that "[a]n application for a certificate of title shall be made to the department *upon a form prescribed by it.*" (Emphasis added.) This grant of discretion clearly permits the Department to request information beyond the bare-bones statutory requirements. Furthermore, in addition to the questions that must be on the form, the statute specifically authorizes the request for "any other information which the department may reasonably require for proper identification of the vehicle." Sec. 342.06(1)(b), Stats. Certainly, the dealer's name, number, address, and telephone number are matters that would assist authorities in tracing a vehicle and ascertaining its history, and thus constitute information that may be needed to determine the vehicle's identity. Williams, however, contends that this construction makes the statute unconstitutionally vague. It does not.

"A criminal statute must be sufficiently definite to give a person of ordinary intelligence who seeks to avoid its penalties fair notice of conduct required or prohibited. 'Vague laws may trap the innocent by not providing

fair warning.' " *State v. Popanz,* 112 Wis. 2d 166, 173, 332 N.W.2d 750, 754 (1983) (quoting *Grayned v. City of Rockford,* 408 U.S. 104, 108 [1972]). Section 342.06(2), Stats., is exquisite in its clarity: it only punishes a person "who knowingly makes a false statement in an application for a certificate of title."[3] The choice Williams had when confronted with the form was obvious: respond truthfully, or respond untruthfully. The jury found that he knowingly made false statements. Neither the statute nor the application form can be fairly called a "trap for the innocent." *See Grayned,* 408 U.S. at 108.

*By the Court.*—Judgment affirmed.

[3]The trial court appropriately instructed the jury that a "false statement is one which contains a misrepresentation of material fact."